Although the evidence might authorize a different verdict, where there is enough evidence to support the verdict found, the judgment of the trial court refusing a new trial on the general grounds will not be disturbed. See Code (Ann.), § 70-202, catchwords "Any evidence."
 DECIDED FEBRUARY 18, 1948.
J. L. Devereaux was indicted at the September term, 1946, of the Superior Court of Liberty County, for assault with intent to murder, for shooting at and toward Marcus Ray, hereinafter referred to as the prosecutor, with a shotgun with the intent to *Page 499 
kill and murder the said Ray. The defendant entered his plea of not guilty at the February term, 1947, was tried and convicted, and sentenced to the penitentiary for not less than one year and not more than four years.
The evidence authorized the jury to find substantially as follows: J. L. Devereaux, the defendant, and Marcus Ray, the prosecutor, had known each other for several years; the defendant being married to the sister of the prosecutor. The defendant and the prosecutor had had trouble prior to July 25, 1946, the day of the shooting, but the trouble that existed between the two men had been settled. On the day the shooting took place the prosecutor saw the defendant at the home of his mother. Two men, by the names of Miller and McLamb, were on the back porch of the home of the prosecutor's mother, and the defendant asked Miller to take him home. The prosecutor's mother told him to take the defendant home; it was about dark. The defendant made the statement that his wife was running around with somebody else, and cursed while he was talking, and the prosecutor's mother asked him to go off and behave himself. The prosecutor carried him home, and when they got out to the home of the defendant, the prosecutor went to close the window on the tobacco barn, and while he was gone the defendant pushed his wife, who was the prosecutor's sister, over a stove. The prosecutor heard his sister holloing and went immediately from the barn to the defendant's home. The defendant had his wife by the collar of her dress, and the prosecutor told the defendant that he was fixing to do something he should not do, and told the defendant to get out and get over his drunk. The defendant called the prosecutor a "God damned liar" and a "son of a bitch", and when he did that the prosecutor hit the defendant and he fell down. When the defendant got up he said he was going for his gun. When the defendant went in the house the prosecutor started to run. He saw the defendant point the gun at him, and when he pointed the gun at the prosecutor, the prosecutor fell, and the shot hit a tree on the side of the road about waist-high, and the shot would have hit the prosecutor had he not fallen down. The defendant shot at the prosecutor with a double-barrel hammerless shotgun. The prosecutor had no weapon. The shooting took place on a public highway in Liberty County. When the arresting *Page 500 
officers went to the home of the defendant to arrest him on the night of July 25, the defendant was drinking and had bruises on his face, and he stated that he had shot Marcus, the prosecutor.
The defendant, in his statement to the jury, denied that he shot at the prosecutor, and stated that the gun went off accidentally, and that the prosecutor had a pocketknife and a number 6 (apparently referring to a pistol); that if he, the defendant, had pulled the trigger to the gun he would have known which barrel fired.
The defendant filed his motion for a new trial on the general grounds only. Exceptions are taken to the judgment overruling the motion for a new trial.
Counsel for the defendant in his brief insists that the defendant should not have been convicted of a greater offense than that of shooting at another, and while the solicitor-general in his brief states that the defendant was convicted of assault with intent to murder, the record shows that, while he was indicted for this offense, he was actually convicted of unlawfully shooting at another, and his punishment fixed at not less than 1 year or more than 4 years in the penitentiary, which is in accordance with the statute fixing the punishment for this offense.
The motion for new trial was based on the general grounds only. The evidence amply authorized the verdict. The judgment of the trial court overruling the motion for new trial is without error.
Judgment affirmed. MacIntyre, P. J., and Gardner, J.,concur.